IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES MOTTON, III | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-158 |
| BUREAU OF PRISONS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Motton, III, a federal prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA), *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against the Bureau of Prisons, the United States Department of Justice, Dr. Eric Wooten, CHRISTUS Health Southeast Texas d/b/a/ CHRISTUS Hopsital--St. Elizabeth (St. Elizabeth), Dr. Issam Harmoush, Dr. Sreedhar Polavarapu, H. Plessala, Correct Care Solutions (CCS), League Medical Concept (LMC), Jason Babcock, Zeus Arco, and Clint Sonnier.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have filed multiple Motions to Dismiss,[1] (Doc. #32, #33, #37, and #43). This Report and Recommendation considers the merits of the Motions.

Factual Background

Plaintiff alleges he was assaulted by an inmate while he was confined at the Beaumont penitentiary. Due to the injuries sustained during the assault, Plaintiff was taken to St. Elizabeth, where he was admitted for treatment on December 6, 2015. Imaging performed at the hospital showed a mass on Plaintiff's thyroid, which was biopsied and showed cells consistent with cancer.

---

[1] Defendants Issam Harmoush, Sreedhar Polavarapu, H. Plessala, League Medical Concept, and Zeus Arco have not been served with process. Although they have not answered the complaint or joined in the motions, the motions to dismiss inures to their benefit as well. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from a dispositive motion filed by appearing defendants).

On December 14, 2015, Defendant Wooten discussed the results of the biopsy with Plaintiff. Defendant Wooten told Plaintiff that the biopsy showed that Plaintiff had thyroid cancer, and he recommended surgery to remove Plaintiff's thyroid. Plaintiff initially agreed to the surgery, but then changed his mind. Plaintiff claims Defendant Babcock, a nurse practitioner, subsequently convinced Plaintiff to have the surgery by telling him that he could die in six months without the surgery. Plaintiff consented to the surgery, and his thyroid was removed by Defendant Wooten on December 18, 2015.

Plaintiff alleges Defendant Harmoush and Plessala, medical providers employed by LMC at the federal prison, denied Plaintiff proper medication and follow-up care after the removal of his thyroid. Plaintiff alleges further medical testing revealed that the thyroidectomy did not remove all of his thyroid tissue. Plaintiff claims Defendant Harmoush failed to tell Plaintiff about the remaining thyroid tissue.

On August 9, 2016, Plaintiff alleges he was told by a doctor that the pathology report showed the mass on his thyroid was not malignant. Plaintiff claims Defendant Sonnier, a health systems specialist employed by the Bureau of Prisons, should not have allowed the surgery without conclusive evidence that the mass on Plaintiff's thyroid was malignant. Plaintiff claims Defendant Arco, the health service administrator at the medium security prison in Beaumont did not tell Plaintiff that he did not have cancer. Plaintiff alleges Defendants Wooten, Harmoush, and Polavarpu also failed to inform Plaintiff that he did not have cancer. Plaintiff alleges LMC is the health care provider for the Beaumont prison, and CCS is the parent company of LMC. Plaintiff contends LMC failed to inform Plaintiff that he did not have cancer.

<u>Motions to Dismiss</u>

The government has moved to dismiss the FTCA claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff did not exhaust administrative tort remedies. Defendants moved to dismiss the *Bivens* claims for failure to state a

claim upon which relief may be granted because Plaintiff did not exhaust administrative remedies with respect to his constitutional claims.[2]

Standard of Review

*Subject Matter Jurisdiction*

The district court has the authority to dismiss an action for lack of subject matter jurisdiction based on:  (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction.  *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).  However, in the context of an FTCA action, the court should not resolve disputed facts that are dispositive of both subject matter jurisdiction and the merits of the FTCA claim.  *Id*. at 151.

*Failure to State a Claim*

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted.  A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face.  *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim.  *Id*. at 555.  The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Defendants raised additional grounds for dismissal.  Because the exhaustion grounds are dispositive, this Report and Recommendation will not address the additional grounds for dismissal.

3

*Section 1915(e)*

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

<u>Analysis</u>

*I. Federal Tort Claim Act Claims*

Generally, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019). The plaintiff bears the burden of proving Congress unequivocally waived sovereign immunity. *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010). Courts must strictly construe waivers of the government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Chapa v. Dep't of Justice,* 339 F.3d 388, 390 (5th Cir. 2003).

An FTCA claim is not actionable in federal court unless the claimant has exhausted administrative tort remedies with the appropriate government agency. 28 U.S.C. § 2675(a). The FTCA bars claimants from filing suit in federal court until they have exhausted administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that an FTCA action may not be maintained when the plaintiff exhausted administrative remedies after the lawsuit was filed).

Plaintiff submitted an administrative remedy form indicating that he filed a claim for injury with the Bureau of Prisons on June 14, 2018.  (Doc. #29 at 5.)  Plaintiff did not wait for a response to the administrative tort claim before filing his original complaint in the United States District Court for the District of Columbia on July 18, 2018.[3]  On October 22, 2018, the administrative tort claim was denied because it was untimely and also because the government is not responsible for the actions of independent contractors.  (Doc. #29 at 6.)  It is clear from the face of the pleadings that Plaintiff's FTCA claims were unexhausted when he filed this action.  Because this action was filed before Plaintiff exhausted administrative tort remedies, the FTCA claims should be dismissed for lack of subject matter jurisdiction.

## II.  Exhaustion of Bivens Claims

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit.  *See Porter v. Nussle*, 534 U.S. 516, 525 (2002).  The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes.  *Id.* at 532.  Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly

---

[3]    The United States District Court for the District of Columbia later transferred this action to the Eastern District of Texas.

5

structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Federal Bureau of Prisons (BOP) has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff (BP-8). 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. Both the informal resolution and the BP-9 must be filed within twenty calendar days following the incident that is the basis for the complaint. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office within thirty days of the Regional Director's decision (BP-11). *Id*.

On the face of his Complaint, it is clear that Plaintiff did not exhaust administrative remedies with respect to his constitutional claims. Plaintiff submitted copies of administrative remedies he filed in 2016, concerning his medical treatment following surgery. Plaintiff filed the first three steps of the administrative remedy process (Doc. #1-1 at 2-4, 7-8), but he did not file the final step of the process with the Central Office. On June 5, 2018, Plaintiff initiated the administrative remedy process concerning his claim that he was misdiagnosed with cancer. The administrative remedy process was ongoing at the time Plaintiff filed this action, and Plaintiff did not pursue his claims to the final step by filing a BP-11. (Doc. #29-1 at 42-48.)

Because Plaintiff did not exhaust administrative remedies before filing this action, he has failed to state a claim upon which relief may be granted with respect to his constitutional claims. *See Hicks v. Tarrant Cnty.*, 345 F. App'x 911, 913 (5th Cir. 2009) (affirming the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim where the plaintiff failed to exhaust administrative remedies before filing the action).

*III. Civil Rights Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, Plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Actions taken under color of federal law do not support a claim under § 1983. *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016).

Plaintiff's claims involve allegations that the defendants were acting under the color of federal law, not state law. As a result, Plaintiff's § 1983 claims do not state a claim upon which relief may be granted.

Recommendation

The FTCA claims should be dismissed for lack of subject matter jurisdiction. The remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and

7

recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 12th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE