| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CHARLES MOTTON, III, §
§
       Plaintiff, §
§
*versus* §   CIVIL ACTION NO. 1:19-CV-158
§
BUREAU OF PRISONS, *et al.*, §
§
       Defendants. §

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Charles Motton, III, a prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to the Federal Tort Claims Act (FTCA); *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against the Bureau of Prisons, the United States Department of Justice, Dr. Eric Wooten, CHRISTUS Health Southeast Texas, Dr. Issam Harmoush, Dr. Sreedhar Polavarapu, H. Plessala, Correct Care Solutions, League Medical Concepts, Jason Babcock, Zeus Arco, and Clint Sonnier.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the FTCA claims for lack of subject matter jurisdiction and dismissing the remaining claims for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. The court lacks subject matter jurisdiction over the FTCA claims because Plaintiff failed to exhaust administrative tort remedies with the appropriate government agency as required by 28 U.S.C. § 2675(a). Plaintiff states that his claims are exhausted because he completed the remedy process after he initiated this action, but jurisdiction must exist when the complaint is filed. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). Plaintiff submitted copies of administrative remedies he filed concerning his *Bivens* claims, but those claims are unexhausted because Plaintiff did not appeal the administrative remedies by filing a BP-11, which is the final step of the administrative remedy process.

## ORDER

Accordingly, Plaintiff's objections (#89) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#87) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 21st day of September, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE